IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v.   ) | CASE NO. 2:12-cr-193-MEF-WC |
| ) | (WO – Publish) |
| VERNON HARRISON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Vernon Harrison's ("Defendant" or "Harrison") Motion for Judgment of Acquittal, and in the Alternative, Motion for a New Trial. (Doc. #106.)  On October 18, 2012, the Grand Jury returned a 23-count indictment against Harrison, charging him with (1) one count of conspiracy to file false claims in violation of 18 U.S.C. § 286; (2) eight counts of mail fraud in violation of 18 U.S.C. § 1341; (3) eight counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1); and (4) six counts of mail embezzlement in violation of 18 U.S.C. § 1709.  (Doc. #1.)  On July 3, 2013, a jury found Harrison guilty as charged on all twenty-three counts of the Indictment. Harrison moved for a judgment of acquittal at the end of both the government's case and at the end of trial.  The Court denied both motions.

After careful review of the record and for the reasons stated, the Court finds that Harrison's motion is to be DENIED.

## DISCUSSION

### I. Motion for Judgment of Acquittal

Harrison moves for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure as to counts 10 through 17 and 18 through 23 of the Indictment, which comprise the aggravated identity theft and embezzlement of mail convictions, respectively. The test in considering a motion for judgment of acquittal is whether, viewing all evidence in the light most favorable to the government and drawing all reasonable inferences from the evidence and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that evidence established guilt beyond a reasonable doubt. *See United States v. O'Keefe*, 825 F.2d 314 (11th Cir. 1987). Accepting all reasonable inferences from the evidence that support the jury's verdict, a court must uphold a conviction if a reasonable fact-finder could have reached a conclusion of guilt beyond a reasonable doubt. *United States v. Lopez*, 985 F.2d 520, 524 (11th Cir. 1993); *see United States v. Taylor*, 972 F.2d 1247, 1250 (11th Cir. 1992) (finding that the court must resolve any conflicts in the evidence in favor of the government). In this case, when viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict, the Court finds that the evidence was sufficient to establish both the aggravated identity theft and embezzlement of mail charges beyond a reasonable doubt, as explained in greater detail below.

#### A. Aggravated Identity Theft

To sustain a conviction on the aggravated identity theft charges, the government must

have shown beyond a reasonable doubt that, among other elements, Harrison knowingly transferred, possessed, or used another person's means of identification. 18 U.S.C. § 1028A(a)(1). "Means of identification" includes any name or number to identify a specific individual, including an account number that can be used to initiate a transfer of funds, such as a debit card or credit card number issued in an individual's name. 18 U.S.C. § 1028(d)(7); *see also* Cts. Instructions to the Jury at 15 (Doc. # 100). Harrison argues that the government presented insufficient evidence showing that the debit cards stolen from the mail were "means of identification" because the evidence presented at trial did not establish that Harrison ever possessed the names or social security numbers of the individuals identified in counts 10 through 17 of the Indictment. The statute, however, does not limit "means of identification" to a name or social security number as Harrison contends. *See* 18 U.S.C. § 1028(d)(7). Rather, to sustain a conviction, the government can show that Harrison possessed, transferred, or used an *account number*, such as a debit card issued in an individual's name. In this case, the evidence at trial showed that Harrison possessed debit cards containing an account number with a name on them and included an admission by Harrison that he gave Slaton about 50-75 Turbo Tax debit cards in return for payment. Accordingly, the Court is satisfied that the government met its burden of showing that Harrison knowingly transferred, possessed, or used another person's means of identification by possessing debit cards containing account numbers and a corresponding name.

Nonetheless, Harrison contends that for debit card account numbers to qualify as "means of identification," the victims must be aware of the accounts' existence. From this

premise, Harrison reasons that because the victims "did not set up these accounts and had nothing to do with these accounts," and thus were not aware of the accounts' existence, the account numbers could not qualify as "means of identification." Therefore, he claims, the evidence cannot sustain a guilty verdict on the aggravated identity theft charge. (Doc. #106.) This argument fails. The plain text of the statute defining "means of identification" does not include a requirement that the victim have knowledge of the account, actually open the account, or have anything to do with the account. *See* 18 U.S.C. § 1028(d)(7). Harrison has presented no authority suggesting that the statute should be interpreted to include his proposed additional requirement that the victims must be aware of the accounts' existence. This is likely because such an argument reeks of absurdity. Indeed, if the Court were to accept Harrison's argument, then it would essentially be requiring victims of aggravated identity theft to possess some sort of innate telepathic ability to know of an accounts' existence—in this case, Turbo Tax debit cards that were unknowingly issued to the victims to pay tax refunds on returns that were never filed—before the accounts can be considered "means of identification" under the statute. This "you don't know I am stealing from you, therefore I can't be stealing from you" argument insults both the Court and Harrison's victims. Moreover, if the Court were to accept Harrison's argument, because any subsequent benefits obtained from the stolen identities would never "belong" to the victims, any ongoing misuse of the victims' identities would never be actionable. Such a result would be wholly contrary to the statute's purpose and would substantially limit its application. Accordingly, the Court finds that the government has presented sufficient evidence to prove beyond a

reasonable doubt that Harrison knowingly transferred, possessed, or used another person's means of identification to sustain a conviction of aggravated identity theft under 18 U.S.C. § 1028A(a)(1).

### B. Embezzlement of Mail

Harrison next challenges his embezzlement of mail convictions, claiming there was insufficient evidence to prove that he was "entrusted with specific mail items identified in the indictment. " (Doc. # 106.) Harrison further claims that the conviction must fail without forensic evidence tying him to the specific mail items. *Id.* Under the standard set forth in Rule 29, the Court must view all evidence in the light most favorable to the government and draw all reasonable inferences from the evidence in favor of the jury's verdict. While Harrison is correct that there was not forensic evidence tying him to the specific items of mail, he is incorrect that forensic evidence is always necessary to link the item stolen to the alleged thief. In this case, the government presented sufficient evidence that Harrison was entrusted with the specific mail items contained in the Indictment by showing that the addresses listed on the envelopes recovered were all along Harrison's postal route. Furthermore, agents actually observed Harrison fail to deliver two of the cards, Counts 22 and 23, while he was under surveillance. Applying the above standard, the Court finds that the government presented sufficient evidence, albeit circumstantial, upon which the jury could infer that the cards listed in the Indictment were in fact stolen and, therefore, could reasonably find that the evidence presented at trial established beyond a reasonable doubt that Harrison was entrusted with, or came into possession of, the stolen debit cards.

Similar to arguments made above, Harrison also claims that he could not be guilty of embezzlement of mail where the items stolen did not actually belong to the victims. The Court need not regurgitate its staunch unwillingness to accept such an argument. The plain text of the statute only requires that the "matter was intended to be conveyed by the United States mail." 18 U.S.C. § 1709. Here, the credit card company clearly intended for the debit cards to be conveyed by mail. Again, Harrison has identified no authority interpreting the statute to include the additional requirement that the cards actually belong to the victims. In fact, there is longstanding authority to the contrary. A recipient's property interest in an item being mailed is of no significance in determining whether the item was "intended to be conveyed" by the mail. Courts have even upheld embezzlement of mail convictions where the victims did not exist, appropriating dispelling the logic that Harrison urges the Court to accept. *See United States v. Kent*, 449 F.2d 751, 752 (5th Cir. 1971) (interpreting "letters 'intended to be conveyed by mail' [to] include decoy letters to fictitious addressees"). To hold otherwise, and to superimpose a requirement that the item actually belong to the addressee, would contravene established precedent and undermine Congress' intent in passing the statute. Thus, the Court finds that the government presented sufficient evidence to sustain Harrison's convictions on counts 18 through 23 of the Indictment.

**II. Motion for a New Trial**

Alternatively, Harrison moves for a new trial under Federal Rule of Criminal Procedure 33, which allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." This standard is broad and is not limited exclusively to

correcting erroneous court rulings prejudicial to the defendant. *See United States v. Vicaria*, 12 F.3d 195 (11th Cir. 1994). Unlike a motion for judgment of acquittal, "[o]n a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). The decision whether to grant a new trial is within the sound discretion of the trial judge. *See United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987). However, courts should exercise "great caution" when granting new trials and new trials and should only do so in "exceptional cases." *United States v. Sjeklocha*, 843 F.2d 485, 487 (11th Cir. 1988) (citations omitted).

Harrison claims that the evidentiary basis for the government's case preponderates against a verdict of guilty as to the counts alleged against him in the Indictment. He specifically challenges three pieces of evidence: (1) his statement; (2) the testimony of Harvey James, and (3) the patterns of suspicious mail traveling on Harrison's mail route. The Court is satisfied from the trial record that sufficient evidence was produced to sustain Harrison's convictions. First, Harrison unequivocally admits in his statement to giving pieces of mail to Slaton in exchange for money. Second, the Harvey James testimony is adequately credible. The absence of an "in-court" identification of Harrison by James does not eliminate the reasonable inference that can be deduced from the evidence that Harrison was in fact the person about whom James was testifying. Third, although there may be other suspicious mail traveling on other routes, evidence of the patterns of suspicious mail on

Harrison's route weighs in favor of affirming the jury's inference that Harrison was involved in the crime.  Taken together, the three challenged pieces of evidence are not sufficient to warrant granting the motion for a new trial and further the evidence was sufficient to support a jury verdict of guilty beyond a reasonable doubt.  Nothing before the Court indicates that this case is "exceptional" or that justice requires a new trial be granted.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that Defendant's Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (Doc. # 16) is DENIED.

Done this the 13th day of September, 2013.

       /s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE